Good morning, Your Honors. My name is James Todd Bennett. I represent Mr. Elias Duenas-Duenas, and I'd like to reserve five minutes for rebuttal. This case presents three successive levels of issues. The first issue is whether or not there's a final order for review, which would give this Court jurisdiction to review in the first place. Then, secondly, there are two issues relative to whether there's an aggravated felony based on the two convictions in this case. And then, finally, a last issue is whether or not there was an error in denying the motion to terminate based on the previous order of deportation. Turning to the first issue, and I think that's the threshold issue here as far as review goes, there's no decision in compliance with the applicable statutes and the regulations. The integration judge is a creature of statute. She doesn't have an independent Article III authority. So she's bound by whatever Congress indicates in the statute under the delegation and then by the regulations. Yeah. The bottom line is I have a little trouble understanding why she didn't do very clearly what you're supposed to do. She says, you're removable. You want to apply for relief. It gives him time to come back in. He says, nope. And she says, then you're out of here for the reasons that I said before. What's a failing about that? It's very clear. I understand. But the failing is essentially this. She's using a summary removal decision procedure that can only apply if there is an admission and on the record as to the pleadings. And because the operable regulation is 1240.12a and c, and that refers you back to 1240.11. Under that regulation, you do have to have to have an admission, sure, then she can issue the summary decision at the point at the end of the conclusion of the proceeding as required by the controlling statute, which is 1229a, I think it's b. I don't know. I'm not going to remember the subparagraphs anyway. Right, right. I'm sorry. But at any rate, under the operative statute under IRA, IRA, which she's. Was this issue raised to the BIA? I believe it was, Your Honor. It was initially raised in the. This precise issue, quoting the regulation and the subsections that you're quoting here today, that precise issue was raised to the BIA? I would have to check the record, Your Honor, just briefly. Now, Your Honor is correct. However, the. Well, the problem I have with that is that's something that could have been easily corrected if it were pointed out. I'm sorry, Your Honor. It was. I apologize. Okay. Tell me what page on the brief, in your brief to the BIA. I'm looking at, in the record, at entry 24. Okay. That's page 24 of the CAR. Basically, it outlines the argument there. I apologize, Your Honor. I was looking at the wrong end of the brief. And in that context, I'd submit that there has been exhaustion. Okay. What? Okay. In this section, you say at the conclusion of the hearing, the immigration judge may issue either a written decision or an oral one. Correct. Right? The immigration judge must issue advisements, right? Correct. Okay. So what's the argument that was exhausted in that? Well, the problem here is the immigration judge did not issue a decision in compliance with those regulations. She has to issue a decision before she can issue an order. And the government's argument is essentially she can do exactly what's been pointed out here, make a composite decision based on some previous written findings on various motions. But your argument here in the brief is that no advisements were made. That's what you're arguing on page 24, that the immigration judge didn't make advisements. Further down, the next paragraph down, Your Honor, just before the due process section, I believe that it addresses there that particular issue. And I would submit also that jurisdictions never waived if it goes to a fundamental issue as far as the entry of the order. But I believe the issue has been exhausted. And I would at least as far as the brief outlines it. I don't really understand that argument to be the argument you're making here today. Well, basically in the brief it's stating a combination of written rulings on the motion and a summary decision fails to comply with either, and then it cites the two regulations. And then, secondly, there's further compliance with the problems of advisements and then a request for remand for entry of the decision. That's essentially the argument that's being made in the BIA brief. Okay. Just apart from subsections, okay? Why? What's the fault? Because there was a removal order incorporating the reasons. True. But her format is this. Her format is I'm going to use the summary oral decision procedure, issues a written memorandum, but then doesn't enter the written, either a written or a oral decision at the conclusion of the hearing. The statute requires it. At the end of the hearing, at the end of the proceeding, she's got to issue a decision. Counsel, in your brief on page 15, you said there's no order of removal issue. Is this the same argument you're saying was made in your brief to the BIA? Essentially, yes. Essentially, what's the difference? It's the same issue. There's no order entered, and because there's no order of removal entered. Is that what your argument, no order of removal issued is what you said in your brief? Correct, in compliance with the regulations. That's the problem. If I could move to the aggravated felony issues. I have a clerical question on the felonies. In looking at the record, the conspiracy count, there's something kind of dark over it. It still appears to me, looking at it closely, that he was convicted on all three counts. Am I reading that correctly or incorrectly? I don't know, because we're stuck with the record as the government submitted it. And I understand what the Court's referring to, the sort of dark line that goes through the middle. It's not, yeah, it's just like, it's a little darker, but it still looks like that's what he was convicted of. Well, even if he were convicted of that, the problem with that is that would sound under 101U, subsection U of the definitional section for aggravated felonies. That would be conspiracy or attempt. Well, you've got to have an aggravated felony to support that. And if you don't, if either one of the other two, well, if both of the other two convictions aren't aggravated felonies, then that count alone won't stand as a conviction capable of supporting a finding of an aggravated felony. Well, if the abstract is sufficient to establish the conviction for drug trafficking, assume that for a second, or an offense related to controlled substance, then it would seem that then the conspiracy would, that aliens have been involved in a drug trafficking who have been convicted of violation of laws specifically aimed at the regulation or prohibition of controlled substances are deportable, as are aliens who have been convicted of conspiracy or attempt to violate the laws. So that kind of gets to the abstract of judgment there. Now, we've got Snellenberger, I guess, and which the mandate has not issued at this point. So do you want to make any comments on that? Well, on the Snellenberger issue, there is a petition for reoccurring pending, and so it can't be used as precedent. Right. And I did note it originally in my brief, but after checking it afterwards, it now is, can't be cited as precedent. However, the reasoning under Shepard, I think, still applies here, insofar as whether you've got a sufficient record to find that it's an aggravated felony. Now, as far as the conspiracy count goes. Well, let's say if Snellenberger isn't, if it doesn't become final, but, I mean, assumed for purposes of argument, that it goes on bonk and comes to a completely different, then that sort of, that would have an effect on this case, correct? Correct. Why? I don't even understand why it has an effect on the case, because here the I.J. simply used the abstract of judgment as a fact of conviction, which Snellenberger doesn't deal with. I mean, that's been the law of the circuit for a long time. Snellenberger had to do with the men in order. And so here you've got the fact of conviction being shown by an abstract of judgment, and that's not being checked. That's not even an issue, is it? I mean, the point is, your point, if I understand it correctly, is that neither section independently of the California Code amounts to an aggravated felony, because there's not a completed transaction? Yes, to a degree. And if I could address those two convictions, the other two convictions, directly, and then maybe that will answer the question. Okay. Sure. The first problem we have with the 11370.6, we have a statute that if you go through the Taylor-Lopez analysis, it's either got to be a controlled substance offense or it's got to have a drug trafficking element. We don't have a CSA equivalent here. The only one that comes close is 854 under 21 U.S.C. Well, yes, but here's the real thing, isn't it? The I.J. said, look, he was convicted of both counts on the same day, and you put both counts together, which, as your brief acknowledges, taken together, the two sections prescribed the attempts to possess or purchase for sale a controlled substance. I mean, isn't that what the I.J. did? I don't think so. And I think essentially both convictions have to stand on their own. She sustained a conviction. Why? Because there are records of conviction. It doesn't require you to do a thing, except just look on the record. Well, there were two independent motions for terminate on each different conviction. Yes. So? And I, you know, I think each and every conviction, if it's being alleged, like it was in this case, as a basis for removal, then you've got to have an aggravated felony for each and every count. I don't think you can mix and match and just say, okay, this is a conglomerate issue, and the modified version of the statute. I mean, you can't just say, okay, this is a conglomerate issue, and the modified categorical approach, you can look and see what he was convicted of, and it's obvious on the face of the documents that are properly considerable, that he was convicted of attempts to use that money to buy cocaine. Well, my problem with that issue is just, number one, it's not a specific CSA offense. The state statute dovetails into the problem of a Rivera-Sanchez, Navidad-Marcos type analysis, because we have transportation as one of the issues. And unless you have something beyond a merely bureaucratically generated abstract of judgment, which is the only other document besides the complaint, you're not going to know specifically what he ended up pleading to. All you know is that there is an entry of the statute, and it's executed by the clerk with a stamp, and that's it. There's nothing more in it. It's exactly the same problem that Shepard addressed and Schnellenberger, if it was disposed of, if there was a decision in it, would be addressing as well. Let me ask you a completely different question. The IJ also found him deportable on the basis of a conviction relating to a confrontation of a controlled substance. I see no challenge to that anywhere. That's correct. So why isn't that sufficient in and of itself? Because if these are not aggravated felonies, he's entitled to relief under the cancellation statute. And the result would be? He would be entitled to a hearing on the merits as to whether he's equities or sufficient to keep him. You don't contest that. It is an offense relating to a controlled substance. But if that were true, then you would want to go back in order to put on a relief case. Correct. That's the essential relief sought here. And the long time to get there. Some things take a while. Then the ---- turning to the 11351, I have the problem here with the 654. My operative statute here, and I think what's missing in the analysis is really the definition of what a conviction is under the INA. We have to look at 1101A48. And under 48A, we do have this problem. We have a ---- it says, imposition of a punishment to be imposed. That's the operative language. And under Chevron, we have to take it literally. When you look at 654, that is, even though there's a stay as to a stay of imposition, it's not a ---- excuse me, I'm sorry. It's not a stay of imposition because it can never be imposed. That's the difference here. And I submit that there is no ---- if you have a 654 stay issued under the State of Cal ---- laws of the State of California, you do not have a sentence that's capable of meeting the requirements, the original definitional requirements of the statute. Kagan. And you can't sentence on one, and then you can't sentence on the other. True, because it is considered to be a statutory double-dip. But they could have gone on that one and not on the other one. So that's ---- Well, that may be true, but they didn't. And I don't think it would make, as an abstraction or a hypothetical, I don't think it would make any difference which one the stay was on. If there is a stay, they have to apply it as to the one with the most severe punishment ---- excuse me, to the one with the least severe punishment. And if it stayed under the statute, the language is very clear, it can never be imposed. And now, it's not like the probationary term which or something like that where you have a suspended sentence which is contemplated in the definitional subsection capital B of the statute, where it says if you have a suspension of ---- suspension of ---- a suspended sentence. Well, in that case, it could be imposed, and it certainly exists. Well, in this case, you've got a sentence that simply cannot be imposed. And if it cannot be imposed, you do not have an INA sentence. I see that my time is coming up. If I could reserve the remaining three minutes. Ms. Malina. May it please the Court. My name is Ernesto Malina for the U.S. Department of Justice. I represent the Respondent, Michael B. McKay, in this case. And this case involves an alien who was found removable based on his commission of aggravated felonies, drug trafficking crimes, and a controlled substance offense. There was a final order issued by this, by the immigration court. What about the conspiracy? Was he convicted of the conspiracy, or what's the story in the record on that? He actually was convicted of conspiracy. If the Court looks to the abstract of judgment, and as Your Honor pointed out, while this is blackened out, it's fairly clear that, yes, conspiracy was a charge, that he did enter a plea to it, and that he was sentenced to it, albeit for the same term as all the other offenses. So he was, in fact, convicted of the conspiracy offense. Now, after that, turning back to whether or not the immigration judge actually issued an order, if the Court turns to page 86 and 87 of the record, the immigration judge said that there was no relief was being sought, that based on his prior findings, the petitioner here was removable, and therefore ordered removal on that basis. So it's pretty clear that at the end of proceedings, there was an order entered by the immigration judge. Sotomayor, do you agree with opposing counsel's representation that the petitioner is eligible to seek 212C relief? 212C relief, no, Your Honor. Why not? The convictions here were entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act, which was April 24, 1996. So because he entered a plea after that date, he was rendered ineligible for 212C relief. The thing that bothers me about the abstract of judgment is it's really difficult to tell if it were, if it was a guilty plea or a trial, because the X is right in the middle of the line. How do we know? Well, you're very correct in noting that, Your Honor. But if the Court turns to the information filed by the district attorney, along the margin, you see notations that there were no low pleas as to each of the individual parties. That's immediately before the abstract of judgment, Your Honor, at page 90. With regard to the first charge, no, it's no low under 1130. 11351. For the second count, no low as charged. For the third count, no low as charged. So there's -- But can we take that to mean there was actually a guilty plea? That may have been what was intended, but is that proof that there was a plea, guilty plea? You're actually right to point out that it may or may not be, Your Honor. The government would submit that these are notations of either, could be notations of the district attorney's office or notations from the Court itself. That may be unclear. But it seems that there's no, the government didn't seem to dispute that there was a plea, in fact, entered below. Who didn't dispute? The- It doesn't- You said the government didn't dispute, or does the, what about the petitioner? Did he dispute that? No, he didn't dispute it either, Your Honor. It seemed that everyone understood that this person had been convicted of the offenses presented. Now, for the first time on appeal to this court, the petitioner now argues that, no, he, in fact, wasn't convicted of something that fell, that was a controlled substance, arguing under a case like Snellenberger. However, that argument was not presented to the Board of Immigration Appeals, and is therefore, he therefore failed to exhaust his administrative remedies. And under this Court's decision, in moralis allegria, he can't raise that charge. But that still leaves open the question of whether or not the sections he was convicted of otherwise fall under the Controlled Substances Act. And the answer is that, clearly, they do. In the first instance, there is attempted possession of cocaine for sale. That's under 11351. But where is the evidence in the record that it was cocaine? Well, that is in the information filing the charges. Count 3 specifically says that he was attempting to possess cocaine. Now, but again, because that wasn't at issue before the agencies, and everyone's seen an agreement, that's no longer a challenge that he can viably raise because of the failure to exhaust administrative remedies. The only question now becomes, is someone who's convicted of attempt to possess cocaine for sale guilty of a felony under the Controlled Substances Act? And that's clearly under 841 that he would be. 841 specifically says those who try to possess or attempt to sell these substances are felonies. I thought the record of conviction for purposes of showing a conviction for an offense that's also an offense under the Federal Controlled Substance Act. What documents can we use to establish that there is a parallel between the two offenses? Do we use the information? Don't we have to have the information in the plea colloquy? No, Your Honor. To determine whether or not it's a parallel provision, the court would generally look to the statute itself at issue. That's the statute? Yeah. There, because the statute possesses the attempted possession of the controlled substance. Isn't it broader, though? It doesn't just have ---- It includes drugs that may not be punishable under the Controlled Substances Act, Your Honor. So we have to go to the modifier categorical, right? It would, but, again, that wasn't at issue below before the immigration judge or the Board of Immigration Appeals. And under Morales-Alegria, that's a failure to exhaust administrative remedies and can no longer be considered. But whether or not that offense, attempted possession of cocaine for sale, would be a felony under the Controlled Substances Act is something this court can review because that was at issue below. And the answer is simply yes, under 841 of 21 U.S.C., in conjunction with 21 U.S.C. 846, attempted possession for sale of this. So that was my question. How did you establish that there was attempted possession of cocaine in the record below? How is that established? If the statute is too broad to use, then what documents establish that? The immigration judge and the board as well relied on the information filed by the district attorney in this case. Is that enough, just the information? It can be enough in conjunction with other documents. What other documents were used by the immigration judge in this case to supplement the information? In this case, there were no other documents other than the abstract of judgment, Your Honor. So it's your argument that the abstract and the information show cocaine? Yes. Well, the information shows cocaine. The abstract shows conviction on that count. Now, that brings us to the Snellenberger question. Does the subject matter of Snellenberger have an effect on this? It does, Your Honor, because Snellenberger challenged the reliability of abstracts of judgment at the modified categorical stage. Therefore, it does provide some insight into the issue here. But again, the ---- I'm not sure Snellenberger ---- I'm not even sure Snellenberger will affect this case, because in this abstract of judgment, there is no drug named. I see what you're saying, Your Honor. You're saying that the abstract itself doesn't mention the cocaine. Right. Well, that may be a substantial issue, Your Honor, but again, under Morales Alegría, because the alien failed to exhaust his administrative remedies on that element, this Court lacks jurisdiction over it. Over a question of whether or not the statute applies? Yeah, Your Honor. In actuality, that was what was at issue in Morales Alegría. Morales Alegría involved an alien who was convicted of theft, and you have to be convicted for a certain amount of time under that provision. And this Court said, well, it was certainly a theft, and he never challenged the conviction for a certain amount of time. And therefore, we lack jurisdiction to review that question under 242d-1. I don't know about that. So, and now if ---- well, with this much time left, I'll begin to turn to the question of whether or not there was a finding with regard to prior proceedings having been closed in 1976. Here, the immigration judge found, for the reasons stated in the ---- in the immigration judge's report, the DHS's opposition to a motion to terminate proceedings, that, yes, the 1976 deportation proceedings in Mr. Duenas' case had been concluded with an order, and that he had left the United States and essentially self-deported in this case. That is also confirmed by Mr. Duenas' admission that he was admitted at San Ysidro in 1977 as a lawful permanent resident alien. That means he was outside the United States, coming into the United States. Therefore, as such, being an alien outside the United States, he self-deported. And therefore, even as a matter of law, there was a finality in his prior proceedings. And I believe that will cover all of the issues that are both in the briefs and that were raised on appeal. Okay. Can I go back with you? I, again, on what you say specifically, the issue that you say was not exhausted. Because I had understood, I think I understand, a slightly different issue wasn't exhausted. And I want to be sure what your position is on exactly which issue is not exhausted. Oh, yes. The ---- I'm sorry. I thought you were about to state it yourself, Your Honor. The issue that was not exhausted was the sufficiency of the conviction documents for purposes of showing that Mr. Duenas had been convicted based on his attempted possession of cocaine and possession of money with intent to possess cocaine. There was no challenge to the finding that his convictions related to cocaine raised before the immigration judge or the Board of Immigration Appeals. But he did make the argument that he did make the argument that the categorical approach. He argued only the categorical approach before the Board of Immigration Appeals, Your Honor. He did not argue the modified categorical approach. That is correct. Okay. Okay. Now, if there are no further questions, I imagine I'll summarize. Yes. This case involves an alien who was convicted under California laws involving attempted possession for sale of cocaine and possession of large sums of money, $100,000 or more, for purposes of purchasing cocaine for sale. The immigration judge properly entered a final order in this case on appeal. Mr. Duenas failed to exhaust his administrative remedies regarding whether or not his conviction was cocaine, and the Board otherwise correctly determined that his convictions would be a felony under the Controlled Substances Act. Finally, there was evidence to show that Mr. Duenas' 1976 deportation proceedings had been completed and that he had been deported on those grounds. Even by his own admission, he came back into the United States in 1977, having affected self-deportation. Therefore, the Court should inform the Board of Immigration Appeals in this decision. Okay. Mr. Bennett. Yes. Just to clarify, the relief that sought would not be 212C. The relief sought would be under the cancellation statute, which under the INA would be 240AA, which he would be precluded from for the aggravated felony. But with the – if there is no aggravated felony, then he's entitled to proceed on a controlled substance offense. Under 240AA, what's that? Eight U.S. codes section what? Let's see. 8 U.S.C. 1229BA. Yeah, BA. Secondly, in terms of exhaustion, the categorical approach was applied. I'm looking back at the judge's decision. The judge basically seems to address, if I'm not mistaken, and since the issue just came up, I haven't been able to really fully read the part of the record, but I'm looking at the decision at 101 through 102, would appear that the judge was not really concerned about the aggravated felony initially. But be that as it may, even if she was going to the record, there has been substantial change in the law which I think allows to raise the issue now. The first issue that has not been addressed by either counsel, but it was raised in the reply brief, is the Ruiz-Vidal issue. If the government's going to rely on this annotated complaint, they can't rely on that under Ruiz-Vidal to prove a conviction. Annotations are no. Secondly, we have Lopez now, and then we have ---- Well, there was no issue that he was convicted, right? True. Well, there was an issue as to whether this is an aggravated felony. Of course. But there's no issue that he was convicted. So the annotations are immaterial. I understand. But what I'm saying is, is they can't rely on that. I understand. I see what the Court is saying. But at any rate, in and of itself, you don't have a complete conviction record if you're turning to the change in any changes in the law under Ruiz-Vidal and Lopez as far as the record that's admissible. I guess I still have the same difficulty. What is the relevant change in law? Well, first of all, Ruth. If Lopez has to do with whether a misdemeanor can become a felony, and it has some language in there about drug trafficking, which you seem to pick up, or a firearm element that you say is missing. Correct. I just have trouble following that. Is that something that was exhausted or not? Are you using these cases as a hook to get the argument in now? I think it's now an issue now because of the change in law. Because of what? Because of the change in law. Lopez now sets down uniform standards as opposed to prior law as to what exactly an aggravated felony drug trafficking offense is. And by spelling it out clearly, I think we do have a significant change in the law. That allows you to now argue something that you didn't argue to the IJ. And that is what? And that would be, if you look at this conviction record, in addition to it not being a facial aggravated felony, if assuming arguendo that it is not a facial aggravated felony, then you don't have a conviction record here that allows you to find either of these convictions to be aggravated felonies. So it allows you to make a modified categorical argument now, even though you didn't make it before? Correct. Based on the change under Lopez. Now, that was also premised on Schnellenberger, which is even more restrictive and I think an even more significant change in the law. However, that's not precedent at this point. I would submit that if the Court might want to consider, if the Court is inclined to do so, a deferral on any decision until Schnellenberger is resolved, because that would be. Well, Schnellenberger, if we're looking at the abstract of judgment, how does Schnellenberger even have an impact? Because that abstract doesn't have enough on it to help us one way or the other. I see what the Court is saying. Yes. I understand. At any rate, it was a suggestion.  Thank you, Your Honor. Thank you. The matter just argued will be a subpoena.
judges: Rymer, Rawlinson, Callahan